**Billy A. HODGES and Judy Hodges, Plaintiffs,**

v.

**Louis FURLONG and Marjorie Furlong, Defendants.**

**Civ. A. No. 95–0029–AH–M.**

United States District Court,
S.D. Alabama,
Southern Division.

Feb. 22, 1995.

Reggie Copeland, Jr., M. Warren Butler, Mobile, AL, for plaintiffs.

Rae M. Crowe, Clifford C. Brady, Mobile, AL, for defendants.

### ORDER

HOWARD, District Judge.

This matter is before the Court on the Motion to Dismiss for Lack of *In Personam* Jurisdiction [Doc. # 2] filed by Defendants Louis Furlong and Marjorie Furlong (the "Furlongs"). Defendants move to dismiss the Complaint of Plaintiffs Billy A. Hodges and Judy Hodges (the "Hodges") for lack of personal jurisdiction pursuant to FED. R.CIV.P. 12(b)(2). The Court held a hearing on this matter on February 17, 1995.

For the reasons stated below the Court **DENIES** Defendants' motion to dismiss and retains jurisdiction over this action.

### PROCEDURAL BACKGROUND

On November 4, 1994, Plaintiffs Hodges, residents of Fort Payne, Alabama, brought this action in the Circuit Court of Baldwin County, Alabama against the Furlongs, residents of the State of Florida. The action arises from the Hodges' purchase of a vessel, the "GYPSY", from the Furlongs. On January 12, 1995, the Furlongs removed this action to this Court basing federal jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1331. In their Complaint, the Hodges allege that the Furlongs made false representations about the condition of the "GYPSY" and breached the contract between the parties for the sale of the boat.

### STANDARD OF REVIEW

When a plaintiff is seeking to bring an out-of-state defendant into court, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state in which the court sits. When a defendant challenges a court's assertion of personal jurisdiction and the district court does not conduct an evidentiary hearing on a motion to dismiss, the plaintiff must establish a prima facie case of personal jurisdiction. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990). The plaintiff need only provide enough evidence to withstand a motion for judgment as a matter of law. *Id.* In assessing the motion to dismiss, to the extent the facts are uncontroverted, the court must accept the facts alleged in the complaint as true. *Id.* Where, the defendant's affidavits conflict with the complaint, the court must construe all reasonable inferences in favor of the plaintiff. *Id.*

### JURISDICTIONAL FACTS

The Hodges are residents of Fort Payne, Alabama. The Hodges purchased a boat trading magazine in Gulf Shores, Alabama and noticed an advertisement listing the yacht "GYPSY" for sale by the Furlongs. According to Judy Hodges, she and her husband called the Furlongs in Florida for information about the vessel. Mr. Furlong sent a drawing of "GYPSY", a photograph of "GYPSY", and a list of equipment and accommodations of the yacht to the Hodges in Alabama. Affidavit of Judy M. Hodges, ¶ 3. After receiving the information on the yacht, the Hodges called the Furlongs again for some additional information on the vessel. *Id.* at ¶ 4. Mrs. Hodges visited the Furlongs in Cocoa Beach, Florida to look at the "GYPSY". On January 11, 1993, Mrs. Hodges called her husband and suggested to him that they enter into an agreement to purchase the vessel. *Id.* at ¶ 5–6. The terms of the agreement were negotiated and conducted at the Furlongs's home in Cocoa Beach, Florida. Mrs. Hodges was with the Furlongs and Mr. Hodges communicated by telephone from Fort Payne, Alabama. *Id.* at ¶ 6. Mrs. Hodges and the Furlongs signed a Purchase

and Sale Agreement (the "Agreement") calling for the Hodges to pay $87,000.00 for the "GYPSY". The parties agreed that the sale of the vessel was subject to a "sea trial". Purchase & Sales Agreement, ¶ 3A. The Agreement reflects that the parties agreed that the "GYPSY would be delivered by the Furlongs at the Hodges's expense to Mobile Bay, Alabama, weather permitting, or to Panama City or Apalachicola, Florida, if the weather was poor. *Id.* ¶ 3F.

The Bill of Sale was executed on or about January 27, 1993 by the Furlongs and sent to the Hodges in Alabama. Affidavit of Judy Hodges at ¶ 11. On June 11, 1993, before a sea trial had been performed, Mr. Furlong piloted and delivered the yacht to Fairhope, Alabama. He telephoned the Hodges and informed them that the sea trial could be conducted with him on June 12, 1993, but he left Alabama before then and the sea trial was not conducted. *Id.* at ¶ 14.

## ANALYSIS

■ The United States Supreme Court has identified two types of personal jurisdiction, specific and general. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 411–415 nn. 8 & 9, 104 S.Ct. 1868, 1870–72 nn. 8 & 9, 80 L.Ed.2d 404 (1984). Specific personal jurisdiction arises when the defendant's contacts with the forum are related to the plaintiff's cause of action. *Williams Elec. Co. v. Honeywell, Inc.* 854 F.2d 389, 392 (11th Cir.1988) (per curiam). General jurisdiction applies when the forum has no direct interest in the underlying dispute, rather, the forum's interest is a result of the defendant's continuing and systematic contacts with the forum. *Helicopteros,* 466 U.S. at 414, 104 S.Ct. at 1872. This action involves a single contact with the forum state involving the delivery of the yacht, therefore, this is a specific personal jurisdiction question.

■ The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. *Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 855 (11th Cir.1990). First, the Court must examine the jurisdictional issue under the forum state's long-arm statute. *Id.* at 855. If there is a basis for jurisdiction under the state statute, the Court must next determine whether sufficient "minimum contacts" exist to satisfy the Due Process Clause of the Fourteenth Amendment to the United States Constitution, so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)).

### A. ALABAMA'S LONG–ARM STATUTE

■ The Supreme Court of Alabama has interpreted Alabama's Long–Arm Statute (Rule 4.2, ALA.R.CIV.P.) to be as "broad as the permissible limits of due process." *Alabama Waterproofing Co., Inc. v. Hanby,* 431 So.2d 141, 145 (Ala.1983). In Alabama, a plaintiff may fulfill the Supreme Court's two part analysis of personal jurisdiction by demonstrating that jurisdiction over the defendant does not violate constitutional due process. *Olivier v. Merritt Dredging Co.,* 979 F.2d 827, 830 (11th Cir.), *cert. denied sub nom. South Carolina Property & Casualty Ins. Guar. Ass'n v. Olivier,* —— U.S. ——, 113 S.Ct. 1577, 123 L.Ed.2d 145 (1993).

### B. CONSTITUTIONAL DUE PROCESS

■ The United States Court of Appeals for the Eleventh Circuit has held that the determination of whether the assertion of personal jurisdiction over a nonresident defendant comports with due process is itself a two prong inquiry. *Madara v. Hall,* 916 F.2d 1510, 1515–16 (11th Cir.1990). First, the Court must decide whether Defendants have established "minimum contacts" with the State of Alabama. *Id.* at 1516. Second, the Court must decide whether the exercise of personal jurisdiction over Defendants would offend " 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Williams Elec. Co.,* 854 F.2d at 392 (quoting *International Shoe Co.,* 326 U.S. at 316, 66 S.Ct. at 158)).

#### 1. Minimum Contacts

■ To constitute minimum contacts for purposes of specific jurisdiction,

the defendant's contacts with the applicable forum must satisfy three criteria. First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . ., thus invoking the benefits and protections of its laws." Third, the defendant's contacts with the forum must be "such that [the defendant] should reasonably anticipate being haled into court there."

*Francosteel Corp. v. M/V Charm,* 19 F.3d 624, 627 (11th Cir.1994) (quoting *Vermeulen v. Renault, U.S.A. Inc.,* 985 F.2d 1534, 1546 (11th Cir.1993), *cert. denied,* — U.S. —, 113 S.Ct. 2334, 124 L.Ed.2d 246 (1993). "The availability of specific jurisdiction depends upon the defendant, the forum, and the litigation." *Francosteel,* 19 F.3d at 627 (citing *Borg–Warner Acceptance Corp. v. Lovett & Tharpe, Inc.,* 786 F.2d 1055, 1057 (11th Cir. 1986)).

At the hearing on this matter Plaintiffs brought the case of *Charia v. Cigarette Racing Team, Inc.* 583 F.2d 184 (5th Cir.1978) to the attention of the Court. In *Charia,* the Fifth Circuit addressed a factual situation almost identical to the one at hand. A Louisiana buyer saw an advertisement for a Florida boat builder in several national boat building magazines. The Louisiana purchaser contacted the Miami builder and the two parties corresponded through the mail and on the telephone about the possibility of building a boat. While on business in Florida, the buyer negotiated the purchase of a boat. All dealings and negotiations between the parties were conducted in Florida. Delivery of the boat was arranged by the Florida builder. A private carrier delivered the boat to Louisiana. The buyer was not satisfied with the boat and sued the builder in Louisiana. *Id.* at 186–87.

In finding that Louisiana was not the proper forum for the suit, the Fifth Circuit closely examined the delivery of the boat. The Court stated that "[a]lthough Cigarette, rather than Charia, made the arrangements with an independent carrier for the actual physical shipment of the goods into Louisiana, neither Cigarette nor any of its employees ever physically set foot in Louisiana." *Id.* at 188. The same cannot be said in this action.

 In the present action, Defendants similarly agreed to transport the vessel to Alabama. However, unlike *Charia,* Defendant Louis Furlong himself actually piloted the vessel to Mobile Bay. In addition, the terms of the contract called for a sea trial to be conducted before the buyers would accept the vessel. A sea trial had not been conducted prior to Mr. Furlong's delivery of the yacht in Alabama. In fact when Mr. Furlong reached Alabama he called the Hodges and informed them that he had arrived with the boat and that the sea trial could be conducted, in Mobile Bay, the following day. The sale of the vessel could not be completed until Defendants had sufficient minimum contacts with the State of Alabama. Defendants argued at the hearing that the sea trial had been waived by Plaintiffs and therefore it need not have been conducted. However, the Agreement states, and the Court must accept all reasonable inferences from Plaintiffs' evidence, that the sea trial was necessary for the fulfillment of the contract. Therefore, the Court finds that Defendants contacts with Alabama arise from Defendants own purposeful conduct.

Defendants agreed to deliver the yacht to Alabama, Mr. Furlong actually piloted the vessel and physically entered the State of Alabama, Defendants knew that a sea trial had to be conducted and that such trial would be conducted in Alabama. The delivery was contact enough to create "the kind of foreseeability critical to the proper exercise of personal jurisdiction, [that] is . . . that the defendant's own purposeful acts will have some effect in the forum." *Madara,* 916 F.2d at 1517 (citation omitted). Defendants cannot say that being haled into court in Alabama is a surprise.

### 2. *Fair Play and Substantial Justice*

 The Court finds that the exercise of jurisdiction over the Furlongs would not offend traditional notions of fair play and substantial justice. The Court has applied the *Burger King* factors and weighed the burden on the Defendants in defending this lawsuit,

the forum state's interest in adjudicating this dispute, the Plaintiffs' interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the states in furthering fundamental substantive social policies. *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 477, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528. (1985). The burden on the Defendants to appear in the Southern District of Alabama is not great. Florida is adjacent to Alabama and Defendants have presented no evidence that they will be excessively burdened by having to appear in Alabama. The Court finds that Alabama has a legitimate interest in adjudicating this dispute. The Hodges are Alabama residents and part of the fraud alleged occurred in Alabama (i.e., the failure to perform a sea trial). The last *Burger King* factors do not weigh heavily in favor of either party. Given the geographic proximity of Florida and Alabama, the Court cannot say that Plaintiffs could not find convenient and effective relief in Florida. Also, the judicial system's general interests would be equally served by litigation in Alabama or Florida. However, given the light burden on Defendants and the legitimacy of Alabama's interest in this action, the Court finds that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

## CONCLUSION

Based on the foregoing considerations, Defendants' Motion to Dismiss for lack of personal jurisdiction is **DENIED.** [Doc. # 2].